**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

| | |
|---|---|
| **PAMELA BALSTAD**, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) |
| vs. | ) |
| | ) |
| **ASSET ACCEPTANCE, LLC,** | ) *JURY TRIAL DEMANDED* |
| | ) |
| Defendant. | ) |
| | ) |

**I. NATURE OF ACTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and of the Revised Code of Washington, Chapter 19.16, both of which prohibit debt collectors from engaging in abusive,

Complaint - 1

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy by intrusion, ancillary to Defendant's collection efforts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Pamela Balstad, is a natural person residing in the State of Washington, County of King, and City of Auburn.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and a "debtor" as defined by RCW § 19.16.100(11).

5. At all relevant times herein, Defendant, Asset Acceptance, LLC, ("Defendant") was a limited liability company engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and a "licensee," as defined by RCW § 19.16.100(9).

## IV. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

Complaint - 2

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Defendant's conduct violated the FDCPA and RCW § 19.16 in multiple ways, including but not limited to:

a. After having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt. Defendant sent its initial letter to Plaintiff on December 3, 2010. The letter stated all of the disclosures required by 15 USC § 1692g(a), including that Plaintiff could obtain validation upon written request made within 30 days of receipt of the letter. Plaintiff did dispute the debt in writing within 30 days of his receipt of the letter, on December 28, 2010. The FDCPA requires Defendant, upon receipt of a timely dispute, to cease all collection activities until it provides the debtor validation of the debt in writing. However, Defendant did not cease collection in the face of Plaintiffs timely dispute. Instead, Defendant sent a letter dated January 6, 2010. Defendant did eventually provide validation of the debt, but not until after it had sent Plaintiff the dunning letter dated January 6, 2010 (§ 1692g(b));
b. Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel. Plaintiff's counsel provided Defendant with written notice of representation in a letter dated March 11, 2010. Despite receipt of this letter, and without making any attempts to verify the fact of the representation, Defendant sent a letter directly to Plaintiff on or about March 18, 2010 (§ 1692c(a)(2)).

8. Defendant's aforementioned activities, set out in paragraph 7, also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable

Complaint - 3

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

person. With respect to the setting that was the target of Defendant's intrusions, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

9. As a result of Defendant's behavior, detailed above, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Declaratory judgment that Defendant's conduct violated the FDCPA;
- B. Actual damages;
- C. Statutory damages;
- D. Costs and reasonable attorney's fees; and,
- E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF WASHINGTON COLLECTION AGENCY ACT, WHICH IS A PER SE VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

Complaint - 4

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Actual damages;

    B. Discretionary Treble Damages;

    C. Costs and reasonable attorney's fees,

    D. For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Actual damages

    B. Punitive Damages; and,

    C. For such other and further relief as may be just and proper.

Respectfully submitted this 21st day of April, 2010.

    s/Jon N. Robbins
    Jon N. Robbins
    WEISBERG & MEYERS, LLC
    Attorney for Plaintiff

Complaint - 5

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com